GAJARSA, Circuit Judge,
dissenting.
Because the Order does not correct the myriad of errors flowing throughout the panel decision, reported at 583 F.3d 1344, I respectfully dissent.
The United States failed to file an appropriate petition for rehearing or rehearing en banc pointing out the many erroneous courses taken by the panel in reaching its conclusion. Specifically, although the United States did submit a petition for rehearing and rehearing en banc, the petition only requested a remand to establish additional facts. Petition at 12.
First, the United States should have challenged the majority’s conclusion that a party to a contract with the United States, having failed to establish damages in a contract action, may proceed with a Fifth Amendment takings action. See Castle v. United States, 301 F.3d 1328, 1342 (Fed.Cir.2002). Second, the United States should have challenged the majority opinion for its shifting sands conflation of the impossibility defense and the sovereign acts defense. I believe these defenses to be distinct; their conflation demands correction. See Klamath Irr. Dist. v. United States, 75 Fed.Cl. 677, 691-95 (2007) (Allegra, J.), vacated, 635 F.3d 505 (Fed.Cir.2011).